UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L4 ENTERPRISES, INC.,<br>Plaintiff,<br>v.<br>HOME INSTEAD, INC.,<br>Defendant. | Case No. 1:26-cv-01035-JLT-CDB<br>ORDER ON STIPULATION AMENDING SCHEDULING ORDER AS MODIFIED<br>(Doc. 35) |

**Background**

Plaintiff L4 Enterprises, Inc., ("Plaintiff") initiated this action with the filing of a complaint in state court on December 24, 2025. (Doc. 1-2). Defendant Home Instead, Inc., removed the action to this Court on February 5, 2025. (Doc. 1).

On May 7, 2026, the Court entered the operative scheduling order setting forth discovery, motion, pretrial and trial dates and deadlines. (Doc. 19). Therein, the Court reiterated its expectation that the deadlines set "are considered to be firm" subject to modification only upon a showing of good cause.

In advance of the mid-discovery status conference, the parties filed a report in which they represented their anticipated request of the Court to extend discovery deadlines to accommodate their ability to mediate their disputes before further discovery is completed and experts are retained, saving the parties from incurring significant additional costs. (Doc. 33). Following its

review of the parties' report, on September 29, 2026, the Court vacated the impending mid-discovery status conference and reminded the parties of their obligation to diligently pursue and timely complete discovery within the scheduled case management dates. (Doc. 34).

Pending before the Court is the parties' joint stipulated request for a stay pending mediation or in the alternative, amendment of the scheduling order to allow time for mediation efforts, filed on October 8, 2026. (Doc. 35). The parties represent that they have diligently conducted written discovery and that counsel have met and conferred regarding responses to requests for production and the form of production. *Id.* at 4. The parties reiterate that they have engaged in informal discussions regarding mediation and have agreed to proceed with private mediation. *Id.* To that end, the parties have scheduled a private mediation with an unnamed mediator at JAMS to take place on November 19, 2026. *Id.* at 2. The parties seek to continue the requested dates below to permit them time to explore whether the matter may be resolved by meditation before incurring costs associated with discovery and motions. *Id.* at 3. In support of the requested modifications, the parties attach the declaration of counsel for Defendant Elizabeth M. Weldon, setting forth the same. *See* (Doc. 35-1 at 2-4, "Weldon Decl.").

**<u>Discussion</u>**

The parties seek principally a stay of the case to allow them an opportunity to attend mediation on November 19, 2026, subject to party and mediator availability. The parties represent that a stay is appropriate to facilitate their efforts at mediation saving Court and party resources. (Doc. 35 at 36). The parties represent that they will not be prejudiced by the requested stay. *Id.*

The Court acknowledges its inherent authority to stay proceedings in furtherance of efficiently managing and controlling its docket. Exercise of this discretion requires consideration of "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

Having considered these factors, the Court concludes that granting the parties the relief they seek in the alternative to a stay (*e.g.*, a four-month extension of case management dates) obtains a more equitable balancing of the Court's need to manage its docket with the parties' understandable desire to conserve resources pending settlement exploration, particularly given that it does not appear from the parties' stipulated representations that a firm mediation date has been scheduled.

In light of the significant expansions of discovery and pretrial motion deadlines granted herein, the Court admonishes the parties that it is unlikely to grant further extensions of time absent extraordinary circumstances and expects the parties to undertake any settlement or mediation efforts in parallel with these extended deadlines without any expectation that additional extensions of time will be granted.

**Conclusion and Order**

Good cause appearing, IT IS HEREBY ORDERED that the operative scheduling order (Docs. 12) is amended as modified as follows:

| **Event** | **Current Date** | **Amended Date** |
|---|---|---|
| Non-Expert Discovery Deadline | 11/6/2026 | 03/08/2027 |
| Expert Disclosure Deadline | 11/20/2026 | 03/22/2027 |
| Rebuttal Disclosure Deadline | 12/18/2026 | 04/19/2027 |
| Expert Discovery Deadline | 01/19/2027 | 05/19/2027 |
| Non-Dispositive Motion Filing Deadline | 02/01/2027 | 06/01/2027 |
| Non-Dispositive Motion Hearing Deadline | 03/09/2027 | 07/07/2027 |
| Dispositive Motion Filing Deadline | 04/05/2027 | 08/03/2027 |
| Dispositive Motion Hearing Deadline | 05/18/2027 | 09/15/2027 |
| Pretrial Conference | 07/19/2027 | 11/15/2027 |
| Jury Trial | 09/14/2027 | 01/11/2028 |

And it is FURTHER ORDERED that Section IV(C) of the operative scheduling order, "Written Discovery Motions" (Doc. 19 at 5), is amended to include the following provision: "No

party may request an informal discovery dispute conference unless the request is made sufficiently in advance of the deadline to complete nonexpert discovery such that the Court may grant effective relief during the time remaining for conducting nonexpert discovery. In other words, a party must propound discovery and/or notice depositions early enough that it may grant a reasonable extension to the responding party, complete required meet/confer efforts following any perceived noncompliance, and thereafter seek relief from the Court as necessary such that relief may be awarded without continuing discovery deadlines. A party's failure to comply with these directions and seek a discovery dispute conference sufficiently in advance of the deadline to complete nonexpert discovery may result in denial of the request/motion as untimely."

All other provisions of the operative scheduling order (Doc. 19) and existing case management dates not in conflict with this order remain in effect.

IT IS SO ORDERED.

Dated: **October 9, 2026**

UNITED STATES MAGISTRATE JUDGE